**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| RAYMOND FAHNBULLEH,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>TRANS UNION, LLC,<br>　　　　　Defendant. | Civil Action<br>No. 1:23-cv-21591-KMW-SAK<br><br>**OPINION** |

Appearances:

**Raymond Fahnbulleh,** *pro se*
2116 Broadlane Road
Williamstown, New Jersey 08094

**Jacqueline Weyand, Esquire**
Buchanan Ingersoll & Rooney PC
550 Broad Street, Suite 810
Newark, New Jersey 07102
*Counsel for Defendant Trans Union, LLC*

**WILLIAMS, District Judge:**

## OPINION

### I. BACKGROUND

#### a. Procedural History

Plaintiff commenced this action on October 27, 2023. (ECF No. 1). On December 21, 2023, this Court entered an Order directing the Clerk of Court to file the Complaint and issue summons upon Defendant. (ECF No. 4). The Summons was issued on January 2, 2024, and returned and executed on February 16, 2024. (*See* ECF Nos. 6, 7). On March 4, 2024, Defendant filed the instant Motion seeking a more definite statement as to Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(e). (ECF No. 8). On March 18, 2024, Plaintiff filed a purported opposition to Defendant's Motion and filed a Cross-Motion to disqualify Defendant's counsel. (ECF No. 11). On March 25, 2024, Defendant replied and opposed Plaintiff's Cross-Motion. (ECF No. 12).

On May 13, 2024, Plaintiff submitted several additional filings, as follows:

- A "Demand of Proof to Show Cause," (ECF No. 13);
- A "Highlighted Complaint,"[1] (ECF No. 14);
- A document titled "Bill of Equity," (ECF No. 15);
- A Certificate of Service, (ECF No. 15-1);
- An Internal Revenue Service ("IRS") Form 56 titled "Notice Concerning Fiduciary Relationship," (ECF No. 15-3);

---

[1] The submission titled "Highlighted Complaint" appears to be identical to Plaintiff's initial Complaint in all respects, except that the title of the document is highlighted and circled with a handwritten annotation that states, "claim in equity." (ECF No. 14 at 1). Accordingly, it does not alter the Court's analysis as to Plaintiff's Complaint.

- One purported annual report from the Securities and Exchange Commission, (ECF No. 15-3);

- Three letters from Defendant to Plaintiff dated March 8, 2023, May 4, 2023, and September 22, 2023, concerning Defendant's conclusion that Plaintiff's credit report is accurate, with certified mailing receipts, collectively labelled "Exhibit A" (ECF No. 15-4); and

- Copies of letters from Synchrony Bank, Chase Bank, and American Express explaining the reasons for their respective denials of Plaintiff's applications to open credit accounts.[2] (ECF No. 15-5).

### b. Plaintiff's Complaint

Plaintiff's Complaint is not a model of clarity. For instance, it does not contain numbered paragraphs and does not specifically enumerate separate counts alleging causes of action against Defendant. (*See* ECF No. 1). Plaintiff alleges that his undisclosed "rights as a private citizen are in jeopardy," and that he seeks "to declare there is a conflict with variance of law, equity, codes and []rules of regulations and statutes." (ECF No. 1 at 1-2). Plaintiff claims that his name "is a Testimony Estate Trust (Cesti Que Vie)" where all his assets "were rolled over into an Estate Trust" named after Plaintiff, and that he "never consented to being restyled as Chattel." (ECF No. 1 at 2). Plaintiff further states that "[s]aid bond is in [Plaintiff's] possession, as verified by the Department of State and the recorded, certified copy will stand in evidence," and that Plaintiff is "not subject

---

[2] Specifically, "Exhibit B" is a September 20, 2022 letter from Synchrony Bank explaining its reasons for denying Plaintiff's application to open a PayPal Credit account; "Exhibit C" is a December 22, 2023 letter from Chase Bank explaining its reasons for denying Plaintiff's application to open a Chase Freedom Visa Platinum account; and "Exhibit D" is a February 9, 2024 letter from American Express explaining its reasons for denying Plaintiff's application for an American Express Gold Card. (ECF No. 15-5).

to statute, as prescribed to 'United States Citizens' in The Trading with the Enemy Act and the Emergency Banking Relief Act." (*Id.*)

Plaintiff further alleges that he is the beneficiary and assignee of a "land patent, the first conveyance of title to the property" that he owns and occupies, and that he has "executed and perfected the land patent grant."[3] (*Id.* at 2-3). Plaintiff claims that he has "never consented to the actions taken by [Defendant], the Chief Executive Office, CEO Chris Cartwright, Venkat Achanta, Todd Cello, Steve Chaouki, Heather Russell. . . [whom] all co-operated to attach and deprive [Plaintiff] of the right to his right to property, liberty and the pursuit of happiness." (*Id.* at 3). Plaintiff further claims that Defendant "failed to provide [Plaintiff] with any document that validate[s] their authority to compel [Plaintiff] to do business with them," and that Defendant continues to "collect, store, and furnish [Plaintiff's] private information for profit which is defaming [Plaintif's] character." (*Id.* at 3-4). Plaintiff claims that "[e]ach of the named defendants have presumed consent to the administration of the Estate, and have yet to prove standing to administrate the Estate." (*Id.* at 4). Plaintiff seeks a "remedy for this trespass on the estate." (*Id.*)

Plaintiff asserts that he sent three notices to Defendant to "cease and desist" from using Plaintiff's "private property" and from "furnishing harmful information in an attempt to extort [Plaintiff]" and that Defendant did not have "authority or [Plaintiff's] permission to collect, store, share or furnish said information." (*Id.* at 5). According to Plaintiff, these actions resulted in an injury in the form of two denials of an extension of his credit by third parties. (*Id.*) In a section titled "Complainant issues of fact," Plaintiff states that "[e]ach of the named defendants are Professionals and had a fiduciary duty to know their actions have been a breach of Trust." (*Id.* at

---

[3] Plaintiff's Complaint also discusses "executory" and "obligatory" contracts, though he does not raise any allegations concerning a specific contract that he believes was breached. (*See id.*)

4

6). The section further states "Unauthorized administration of the Estate. Defendants named have no standing," and claims Plaintiff is "holder in due course and the registered owner of the certified title." (*Id.*)

### c. Cross-Motion to Disqualify Counsel

Plaintiff's Cross-Motion seeks to disqualify Defendant's counsel "Jacqueline Weyand and all other attorneys at Buchanan Ingersoll and Rooney P[.]C." (ECF No. 11 at 2). Notably, though Plaintiff identifies his brief as supporting both his Motion to Disqualify Counsel and his opposition to Defendant's Motion for a More Definite Statement, Plaintiff does not raise any arguments or otherwise address Defendant's Motion, and thus it is unclear whether he opposes Defendant's Motion at all. (*See* ECF No. 11). Plaintiff argues that Defendant's counsel should be disqualified because Defendant has not produced "any first-hand knowledge sworn under penalty of perjury, failed to rebut all points line by line via affidavit, produced any articulated facts," and is not "the real party in interest in this matter." (*Id.* at 2). Plaintiff asserts that it is unlawful for Defendant to "hire an attorney to practice on its behalf," and claims that no evidence exists to establish that Weyand is licensed to practice in the State of New Jersey. (*Id.* at 2-3). Plaintiff also asserts that counsel should be disqualified where her "participation in a case will result in the appearance of impropriety," though he does not articulate how that principle applies to the instant matter. (*Id.* at 3). Plaintiff concludes that Defendant's counsel should be disqualified for these reasons and "for the lack of righteousness, love, fairness, facts of the law, and failure to show cause." (*Id.*)

## II. STANDARD OF REVIEW

### a. Motion for a More Definite Statement

Pursuant to Fed. R. Civ. P. 8(a), a plaintiff must set forth claims for relief that include "a short and plain statement of the grounds for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). Rule 8(d)(1) requires each allegation in the Complaint to be "simple, concise, and direct," and Rule 10(b) calls for claims to be presented "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Naderi v. Concentra Health Servs., Inc.*, No. CV 21-18958-JXN-AME, 2023 WL 4896773, at *3 (D.N.J. Aug. 1, 2023) (quoting Fed. R. Civ. P. 8(d) and 10(b)). While "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, . . . [t]his does not, however, absolve a *pro se* plaintiff of the need to adhere to the Federal Rules of Civil Procedure." *Beom Su Lee v. Karaoke*, No. 18-CV-8633-KM-SCM, 2019 WL 2537932, at *2 (D.N.J. June 19, 2019) (citing *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015)).

A party may move for a more definite statement where "a pleading . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).[4] "The basis for granting such a motion is unintelligibility, not lack of detail." *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 736–37 (D.N.J. 2008). "The decision to grant a Rule 12(e) motion is 'a matter committed largely to the discretion of the district court.'" *Id.* (quoting *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232–33 (D.N.J. 2003)).

---

[4] A Rule 12(e) motion "must point out the defects complained of and the details desired" and "if details are necessary in order to make a vague complaint intelligible, the fact that the details also are subject to the discovery process should not preclude their production under Rule 12(e)." 5 C. Wright & A. Miller, *Federal Practice & Procedure*, § 1376 (3d ed. 2004).

6

"The prevailing standard employed by Third Circuit courts is to grant a Rule 12(e) motion 'when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" *Id.* Instances where this standard has been met include:

> (1) where a complaint's allegations are not specific enough to enable a defendant to determine the propriety of interposing a waivable defense in his or her answer; (2) where the defendant lacks certain information peculiarly within the knowledge of the plaintiff, and without which the defendant cannot answer the complaint with a good faith, general denial; and (3) where a court finds it desirable to pare down "shotgun" pleadings in order to make the litigation more manageable through more controlled discovery.

*Oaklyn Villas Urb. Renewal LLC v. Borough of Oaklyn*, No. CV 22-3177-RBK-SAK, 2023 WL 2555467, at *3 (D.N.J. Mar. 17, 2023). A "shotgun pleading" arises where a complaint: (1) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (2) does "not separate[] into a different count each cause of action or claim for relief"; or (3) asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* "Such pleadings impose on courts and defendants the onerous task of sifting out irrelevancies." *Id.*

### b. Motion to Disqualify Counsel

Because motions to disqualify can have drastic consequences, courts disfavor such motions and only grant them when necessary. *See Maldonado v. New Jersey ex rel. Admin. Off. of Cts.-Prob. Div.*, 225 F.R.D. 120, 137 (D.N.J. 2004). The party moving for disqualification "bear[s] the

burden of proving that disqualification is appropriate either because the New Jersey Rules of Professional Conduct are violated or because sufficient doubt exists as to the propriety of representation." *Id.*[5] Pursuant to L.Civ.R. 101.1(b), "[a]ny attorney licensed to practice by the Supreme Court of New Jersey may be admitted as an attorney at law upon completion of a sworn application submitted to the Court."

### III. DISCUSSION

#### a. Motion for a More Definite Statement

Defendant argues that its Motion for a More Definite Statement should be granted because Plaintiff's "vague and confusing" allegations are insufficient to satisfy basic pleading standards, making it unable to determine what Plaintiff's claims are or the facts that Plaintiff alleges supports each claim. (Def.'s Br. at 5). Defendant asserts this, in turn, deprives it of the "ability to properly state any defenses and comply with its own obligations under Rule 8(b)." (*Id.*) As discussed herein, Defendant has shown that a more definite statement of the Complaint is warranted.

Here, Plaintiff's Complaint does not present a "short and plain statement of" the alleged claims that suggest Plaintiff "is entitled to relief[,]" and a succinct "demand for the relief sought." *See* Fed. R. Civ. P. 8(a)(1)-(3); *see also Naderi*, 2023 WL 4896773, at *4. Each allegation is not "simple, concise, and direct," and the claims are not presented "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 8(d)(1) and 10(b); *see also Naderi*, 2023 WL 4896773, at *4 (granting motion for more definite statement). Rather, Plaintiff's "shotgun pleading" is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and does "not separate[] into a different

---

[5] The New Jersey Rules of Professional Conduct govern the ethical conduct of attorneys before this Court. *Maldonado*, 225 F.R.D. at 137.

8

count each cause of action or claim for relief." *Oaklyn Villas Urb. Renewal LLC*, 2023 WL 2555467, at *3.

Even allowing for liberal interpretation of *pro se* pleadings, this Court cannot discern from Plaintiff's Complaint "the facts of the case or legal injury that Plaintiff is alleging." *See Biton v. United States*, No. CV 17-1764 (KM), 2018 WL 11475593, at *1 (D.N.J. May 1, 2018) (granting motion for more definite statement). As a result, the Complaint is not specific enough to enable Defendant to determine which waivable defenses to raise, nor to "respond, even with a simple denial, in good faith, without prejudice to [itself].'" *MK Strategies, LLC*, 567 F. Supp. 2d at 736–37; *see Oaklyn Villas Urb. Renewal LLC*, 2023 WL 2555467, at *3.

Moreover, Plaintiff's Complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Oaklyn Villas Urb. Renewal LLC*, 2023 WL 2555467, at *3. While the only defendant named in this case is Defendant TransUnion, LLC, Plaintiff's Complaint makes many allegations against "Chris Cartwright, Venkat Achanta, Todd Cello, Steve Chaouki, Heather Russell," (ECF No. 1 at 3-4), without making clear the connection between these individuals and Plaintiff's claims. *See Bornstein v. McMaster-Carr Supply Co.*, No. CV 23-2849 (ESK/EAP), 2024 WL 4252736, at *3 (D.N.J. Sept. 20, 2024).

Furthermore, the unintelligible nature of Plaintiff's Complaint frustrates this Court's ability to determine whether it has jurisdiction. Significant portions of Plaintiff's Complaint refer to an alleged "Estate Trust," "[u]nauthorized administration of the Estate," and Plaintiff's contention that "[e]ach of the named defendants have presumed consent to the administration of the Estate, and have yet to prove standing to administrate the Estate." (ECF No. 1 at 2-4). Recently, in *Bornstein*, this Court granted a motion for a more definite statement, in part, because the

allegations "raised questions about the court's jurisdiction." 2024 WL 4252736, at *3 (Pascal, J.). As this Court does not have jurisdiction over state probate proceedings relating to estate administration, the Court finds that a more definite statement of Plaintiff's claims is merited.[6] *See* Fed. R. Civ. P. 8(a).

Accordingly, Defendant's Motion for a More Definite Statement is granted. Simply stated, if Plaintiff wishes to cure the deficiencies and file an Amended Complaint, he must at a minimum number the paragraphs, identify his causes of action, and set forth factual allegations instead of conclusory statements.

### b. Motion to Disqualify Counsel

Plaintiff argues without citation to any relevant authority that Defendant's counsel should be disqualified because: (1) it is unlawful for Defendant to "hire an attorney to practice on its behalf"; (2) no evidence exists to establish that Weyand is licensed to practice in the State of New Jersey; and (3) Defendant's counsels' "participation in a case will result in the appearance of impropriety." (ECF No. 1, at 2-3). Plaintiff does not articulate or otherwise explain why he believes that Defendant is not entitled to counsel of its choosing. (*See id.*).

The New Jersey Rules of Professional Conduct expressly permit an attorney to represent corporate entities, such as Defendant. *See* RPC 1.13. Indeed, the New Jersey Rules of Court *mandate* that (except as otherwise provided in the Court Rules), "an entity, however formed and for whatever purpose, other than a sole proprietorship shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State."

---

[6] *See Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006) (holding "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.").

R. 1:21-1(c). Thus, it is beyond dispute that Defendant is not only entitled to but indeed must retain counsel to act on its behalf.

Finally, Defendant's counsel is duly licensed to appear before this Court. *See* L.Civ.R. 101.1(b). Plaintiff does not offer any evidence to suggest that Weyand is not licensed to practice in New Jersey. Defendant states that Weyand has been admitted to practice law in New Jersey since 2011, and in the District of New Jersey since 2015. (Def.'s Reply Br. at 3). Pursuant to Fed. R. Civ. P. 11, Weyand's signature on Defendant's Reply serves as a Certification that her representations regarding her admission to practice have evidentiary support, which this Court accepts. Moreover, pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the official New Jersey Courts "Attorney Search" portal, which confirms Weyand's representations regarding her admission to practice law in New Jersey. *See* https://portalattysearch-cloud.njcourts.gov/prweb/PRServletPublicAuth/app/Attorney/-amRUHgepTwWWiiBQpI9_yQ Nuum4oN16*/!STANDARD?AppName=AttorneySearch. Similarly, the "Third Circuit Court of Appeals – Attorney Status Checker" also confirms that Weyand is admitted to practice law before this Court. *See* https://www.ca3.uscourts.gov/attorney-admissions-checker.

Accordingly, Plaintiff's Cross-Motion to Disqualify Defendant's counsel is denied.

## IV.  CONCLUSION

For all the reasons set forth above, Defendant's Motion for a More Definite Statement is **GRANTED** and Plaintiff's Motion to Disqualify Counsel is **DENIED**. An accompanying Order shall issue.

Dated: October ___, 2024

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE